BERNARD J. McCARTNEY AND ROBERT S. VAN DOREN, BY JOHN VAN DOREN, HIS NEXT FRIEND, RESPONDENTS, v. BRITISH-AMERICAN METALS COMPANY, INCORPORATED, ET AL., APPELLANTS.

Submitted December 10, 1923—Decided March 3, 1924.

1. If the grounds of appeal are not stated in the notice of appeal, but are served after its filing in the lower court, they (the grounds) must be filed in the appellate court.
2. Motions for nonsuit and direction of verdict for defendant *held* properly overruled.
3. Exceptions to charge of court *held* to lack substance and to be invalid.

---

On appeal from the Supreme Court.

For the appellants, *Frank G. Turner.*

For the respondents, *Robert Newlon Crane.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. McCartney and Van Doren sued in the Supreme Court for damages against the British-American Metals Company and Scheurle, and the latter counter-claimed damages against McCartney, Van Doren and the British-American Company. A nonsuit was granted on the counter-claim of Scheurle. The jury rendered a verdict in favor of McCartney and Van Doren against Scheurle and the British-American Metals Company, and the latter appeals. Scheurle does not.

McCartney was driving his automobile easterly along Springfield avenue and Van Doren was with him. The British-American Metals Company, by its agent, was driving an auto truck in the opposite direction. Scheurle was driving a car behind the truck, and in the same direction. The truck appears to have had no tail lights burning at the time of the accident. When Scheurle saw the truck he was then only a few feet from it, and in order to avoid collision with it he turned sharply to the left, and, in passing it, ran into the car of McCartney, demolishing it and injuring Van Doren.

Respondents object *in limine* that there is nothing for this court to pass upon as there are no grounds of appeal filed here, but that they are entitled and filed in the Supreme Court. Rule 77 annexed to the Practice act of 1912 (*Pamph. L., p.* 398) provides that appeals shall be taken by notice, which shall be served on the adverse party and filed within the time limited for bringing writs of error, without saying in what court they shall be entitled or filed. Rule 79 provides what the notice of appeal shall state, and that the grounds of appeal, if not stated in the notice, shall be served and filed within thirty days, without saying in what court the same shall be entitled or filed. The rules of the Supreme Court, promulgated in 1913, somewhat amplify rules 77 and 79 annexed to the Practice act. Rule 137 provides that appeals shall be taken by notice, which shall be entitled in the court from which, and state the court to which, the appeal is taken,

and shall be filed with the clerk of the former court, who shall forthwith transmit the transcript, &c., to the appellate court, together with a copy of the notice of appeal. Rule 139 provides that the notice of appeal shall state whether the appeal is from the whole or only part of the judgment, and that if the grounds are not stated in the notice they shall be served and filed within thirty days after the filing of the notice of appeal, without stating in which court the grounds of appeal, if stated independently of the notice, shall be filed; but as rule 137 provides that when the notice of appeal is filed in the court below the clerk shall forthwith transmit the transcript, &c., to the appellate court, presumably the grounds of appeal, if not incorporated in the notice, are to be filed in the appellate court, especially so when we know that under the old practice errors were always assigned and filed in the appellate court. Form 37 annexed to the Practice act of 1912 (*Pamph. L., p.* 415), giving the form of notice of appeal, is entitled in the Court of Errors and Appeals. This form is rendered obsolete by rules 137 and 139 of 1913; so that the notice of appeal should have been, as it was, entitled in the Supreme Court, and might have, but did not, state the grounds of appeal. The grounds of appeal thereafter were filed in the Supreme Court, but should have been filed in the Court of Errors and Appeals. This is an error of form and not of substance, and under the power of amendment should be permitted to be amended. An amendment of the record may be allowed on appellate proceedings. *Giardini* v. *McAdoo,* 93 *N. J. L.* 138, 147.

Appellant, British-American Metals Company, contends that there should have been a nonsuit as to it, because it was not shown to have been guilty of any negligence towards the plaintiffs, and because the plaintiff McCartney was shown to have been guilty of negligence contributing to the accident. The trial judge submitted to the jury that if they determined that defendant Scheurle's negligence alone was the cause of the accident, they could find a verdict only against him, but if they found that the accident was caused not only by the negligence of Scheurle, but also by that of the truck driver

of the metals company, they could find a verdict against the company as well as Scheurle, but if they found the accident was entirely due to the negligence of the truck driver, they could find against the company alone, and this upon the theory that the jury had a right to determine whether, in attempting to pass the truck, Scheurle did so, not to avoid colliding with it, but to pass it as a matter of speed on the highway, without first seeing that the road ahead of him was clear, and as to the metals company, upon the theory that the want of a light on the rear of the truck either caused, or contributed to, the accident. These were not court questions, but questions of fact to be determined by the jury. And the reason for overruling the motion to nonsuit equally required a denial of the motion for direction of a verdict in favor of the defendant company.

It is to be remembered that Scheurle was driving his car rapidly behind the truck, but did not see it for want of a tail light on it, until he was almost upon it. when, to avoid colliding with it, he suddenly swerved to the left, and, just as he got by it, ran into plaintiff's whom he had not seen by reason of the truck ahead of him on the road. The negligence, as the jury found it, undoubtedly consisted of the absence of a tail light on the truck and the speed at which Scheurle was traveling. He should have had his car under such control in the circumstances that he could have avoided collision with the plaintiffs. There was sufficient evidence of defendants' negligence to go to the jury, both at the close of the plaintiffs' case and at the close of the whole case. This required overruling the motions for nonsuit and direction of verdict.

The point is also made that the court erroneously charged the jury as follows: "If you find that it was entirely due to the negligence of the metals company, then you are to find against the metals company alone."

The argument is that this was error, because at the close of Scheurle's case the defendant-appellant British-American Metals Company moved for a nonsuit against his counterclaim, and the court held that Scheurle was guilty of con-

tributory negligence. Assuming he was guilty of negligence, that clearly would disentitle him to recover on his counter-claim and would render him liable in damages for the accident because of his contribution of negligence towards its happening. Although the court stated that taking the whole testimony, negligence on the part of Scheurle, if not the sole negligence which caused the accident, was still a contributory cause; nevertheless, nothing in that observation prevented the jury from finding the fact of negligence or no negligence against the metals company. And the company, and not Scheurle, appeals. There was no error as against the appellant in this portion of the charge, even if there were against Scheurle, which is neither considered nor decided, because not raised by him.

Lastly, it is urged that the court erroneously charged the jury as follows:

"So, you see that as far as the truck is concerned you can't simply say that because it had no light in the rear this accident occurred. That isn't enough. You have got to find that it was the lack of that light in the rear of the truck, or a proper warning in the rear of the truck, which entirely caused the negligence or contributed to the negligence, before you find the metals company responsible."

It was not accurate in the judge to suggest that the absence of light or proper warning in the rear of the truck caused the *negligence* or contributed to it. The judge, of course, meant caused the *accident,* and the charge should be read that way. Words in a charge should be read in accordance with their obvious meaning. *State* v. *Timmerari,* 96 *N. J. L.* 442. This permitted the jury to give a verdict to the plaintiffs against the defendant company if it were solely and only guilty of the negligence which caused the accident, or contributed to the negligence which caused it.

Appellant contends that the jury were permitted to say that the lack of light on the rear of the metals company's truck constituted negligence, citing two New Jersey cases, namely, *Healey* v. *Braested,* 98 *N. J. L.* 520, and *Decou* v. *Dexheimer,* 73 *Atl. Rep.* 49. Neither case applies. In the

Healey case it was distinctly stated that whether the defendant in the circumstances. could have avoided running into the motorcycle was not a court question, but clearly one for the jury, and that is what we say in the case at bar, that the question was one for the jury. In the DeCou case it was stated that the facts presented a question for the jury, and that the fact that the wagon carried no lights was immaterial, for, if it had been compelled to, and had not carried them, that would not have justified the defendant in running the wagon down.

No error in the record having been pointed out the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ. 13.

*For reversal*—None.